**UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **STEVEN C. GREEN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No. 26-CV-0289-CVE-SH** |
| | ) | |
| **SEMINOLE COUNTY SHERIFF'S** | ) | |
| **DEPARTMENT, SEMINOLE POLICE** | ) | |
| **DEPARTMENT, and UNITED STATES** | ) | |
| **POSTAL SERVICE,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**OPINION AND ORDER**

Now before the Court are plaintiff's complaint (Dkt. # 1) and motion for leave to proceed in forma pauperis (Dkt. # 2). In reliance upon the representations and information set forth in plaintiff's motion to proceed in forma pauperis, the Court finds that the motion should be granted. Plaintiff is permitted to file and maintain this action to conclusion without prepayment of fees and costs. 28 U.S.C. § 1915(a). However, because authorization to proceed in forma pauperis excuses only prepayment of the fee, plaintiff remains obligated to pay the full $350 filing fee when he is able to do so. See Brown v. Eppler, 725 F.3d 1221, 1230-31 (10th Cir. 2013) (noting that authorization to proceed in forma pauperis only excuses prepayment of the filing fee). Because the Court authorizes plaintiff to proceed without prepayment, he is not required to pay the $55 administrative fee.

Plaintiff has obtained leave to proceed in forma pauperis, and the requirements of 28 U.S.C. § 1915 are applicable. See Lister, 408 F.3d at 1311. Section 1915(e)(2) requires a district court to dismiss a case if at any time the court determines that "the action . . . (i) is frivolous or malicious [or] (ii) fails to state a claim on which relief may be granted." A court reviewing a pro se plaintiff's

complaint must broadly construe the complaint's allegations to determine if the plaintiff can state a claim upon which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). The court's generous construction of a pro se plaintiff's allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). Notwithstanding a pro se plaintiff's various mistakes or misunderstandings of legal doctrines or procedural requirements, "if [a] court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so . . . ." Id. A reviewing court need not accept "mere conclusions characterizing pleaded facts." Bryson v. City of Edmond, 905 F.2d 1386, 1390 (10th Cir. 1990); see also Bell Atl. Corp. v.Twombly, 550 U.S. 544, 555 (2007) ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do"). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1175 (10th Cir. 1997).

Plaintiff has filed this case seeking a protective order and monetary damages against the Seminole County Sheriff's Department and Seminole Police Department, and he claims that United States Postal Service (USPS) has conspired with these parties to stop delivery of his mail for over four months. Plaintiff states that he was "getting something off [his] chest and [he] told the eastern district attorney what [he] read 45 years ago," and he claims that he filed a complaint of racial profiling in 2023. Dkt. # 1, at 4. He alleges that the Seminole County Sheriff's Office and the Seminole Police Department are paying someone to steal his mail, and he claims that he has not

received mail for over four months.  Id.  Plaintiff cites various Oklahoma statutes in support his claims, although he makes no attempt to delineate claims by count and it appears that he is asking the Court to hold defendants criminally liable for their conduct.  See OKLA. STAT. tit. 21, § 421 (criminal conspiracy statute); OKLA. STAT. tit. 21, § 850 (criminal statute prohibiting intimidation or harassment because of the victim's race); OKLA. STAT. tit. 21, § 1166 (making it a misdemeanor to disturb or interrupt a funeral);  OKLA. STAT. tit. 22, § 34.3 (statute generally prohibiting racial profiling by law enforcement agencies).  Plaintiff has attached a petition for protective order utilized by Oklahoma state courts in which he asks the "Northern District Tusla [sic] County" to prohibit the Seminole Police Department and the Seminole County Sheriff's Office from harassing and stalking plaintiff.  Dkt. # 1, at 58-64.  In the form complaint for pro se litigants, plaintiff has checked the box for diversity jurisdiction as a basis for the Court to hear his claims.  Id. at 3.

The Court has reviewed plaintiff's complaint and finds that the case should be dismissed for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted.  Plaintiff clearly seeks to hold defendants liable for violating Oklahoma criminal statutes, and he seems to be asking this Court to enter a protective order to prohibit stalking or harassment.  The Court initially notes that all parties except for the USPS are allegedly citizens of Oklahoma, and complete diversity of citizenship is lacking even if the Court assumes that plaintiff had alleged a valid claim under state law.  There is no basis for the Court to exercise diversity jurisdiction over this case, and plaintiff has made no attempt to assert a claim arising under federal law.  Even if the Court had subject matter jurisdiction, plaintiff has not alleged a colorable claim for relief under the civil laws of Oklahoma.  Plaintiff attempts to rely on Oklahoma criminal statutes as means of seeking injunctive and monetary relief, but the law is clearly established that criminal statutes do not

3

create a private right of action that is enforceable in a civil lawsuit.  Andrews v. Heaton, 483 F.3d

1070, 1076 (10th Cir. 2007).  The Court also notes that this is not an appropriate forum to seek a

protective order of the nature sought by plaintiff, and he should file a motion for protective order in

the appropriate state court if he feels this relief is warranted.

**IT IS THEREFORE ORDERED** that plaintiff's motion for leave to proceed in forma

pauperis (Dkt. # 2) is **granted**.

**IT IS FURTHER ORDERED** that plaintiff's complaint (Dkt. # 1) is **dismissed without**

**prejudice** for lack of subject matter jurisdiction and failure to state a claim.  A separate judgment

of dismissal is entered herewith.

**DATED** this 22nd day of May, 2026.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

4